IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

NIYA HARRIS

VS.                                                      CIVIL ACTION NO. 4:10CV80–DAS

GREENVILLE RIVERBOAT, LLC, TROPICANA
ENTERTAINMENT, LLC, and CALVIN BROWN

## ORDER

This matter is before the court on motion of the defendants to dismiss Calvin Brown and all claims under the Fifth and Fourteenth Amendments (# 48). In accordance with the provisions of 28 U.S.C. § 636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including an order for entry of final judgment on any or all of the plaintiff's claims. After considering the motion and the response thereto, the court finds as follows:

The plaintiff filed the present action, alleging violations of Title VII against Calvin Brown individually. The plaintiff also alleged violations of the Fifth and Fourteenth Amendments against the defendants, none of which are state actors. In response to the motion to dismiss, the plaintiff confesses these claims.

The only issue remaining is whether the court will retain jurisdiction over Brown for the remaining state law claims. The court looks to 28 U.S.C. § 1367(a), which provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United

States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

Because the Title VII claims against the corporate defendants still exist, the court finds that fairness, judicial economy, convenience, and comity weigh heavily towards retaining jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Accordingly, the court will retain jurisdiction of the plaintiff's state law claims against Calvin Brown.

IT IS, THEREFORE, ORDERED that the defendants' motion to dismiss Calvin Brown and all claims under the Fifth and Fourteenth Amendments (# 48) is GRANTED IN PART AND DENIED IN PART. The defendants' motion to dismiss the Title VII claims against Calvin Brown is granted. The defendants' motion to dismiss the remaining state law claims against Calvin Brown is denied. The defendants' motion to dismiss all claims under the Fifth and Fourteenth Amendments is granted.

SO ORDERED, this the 19th day of April, 2011.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE