# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

NIYA HARRIS                                                                    PLAINTIFF

V.                                                   CIVIL ACTION NO. 4:10CV00080-DAS

GREENVILLE RIVERBOAT, LLC, ET AL.                         DEFENDANTS

## ORDER

Before the court is the plaintiff's Motion to Quash (# 77). The plaintiff filed a motion to quash subpoenas in this sexual harassment case on May 10, 2011.[1] The subpoenas seek the plaintiff's minor children's complete school and medical records.

On or about May 9, 2011, the defendants served ten subpoenas on nonparty schools and health care providers, requesting complete school and medical records of the plaintiff's three minor children. The plaintiff seeks an order quashing the subpoenas on the grounds that the information sought is not relevant to any issue in this lawsuit and that they seek to "invade the privacy" of minors without "just cause." Among other things, the defendants respond that because the plaintiff has put her emotional state at issue by seeking damages for emotional distress, the health and behavior of her children are discoverable as another explanation for her emotional distress. The defendants base this assertion on the plaintiff's testimony that *two* of her children were born with health problems that required medical treatment and/or follow-up care. Also, the plaintiff testified that she had been contacted by the school about *one* child's "behavior" on several occasions.

As an initial matter, the instant motion to quash is not supported by a Good Faith Certificate in contravention of L. U. CIV. R. 37(a). Nevertheless, because the privacy rights of minor children

---

[1] The subpoenas were served on or about May 9 and required compliance by May 16. However, the plaintiff failed to contact the court regarding the urgent and necessitous nature of the motion in accordance with L. U. Civ. R. 7(b)(8).

are involved, the court will not further delay resolution of this issue by requiring the plaintiff to refile the motion. *Federal Rule of Civil Procedure* 45(c)(3)(A) states that "[o]n timely motion, the issuing court must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies. . . ." The court finds the plaintiff has standing to bring the instant motion because she has an interest in the personal privacy rights and privileges of her minor children.

Further, the court finds the defendants have not stated a need sufficient to overcome the privacy rights of the plaintiff's minor children in this instance. The plaintiff has already testified regarding the medical and behavior problems of her children, and the defendants have failed to provide any explanation of how obtaining essentially the same information from another source will help their case. Furthermore, the subject subpoenas are overly broad. According to the excerpts of the plaintiff's deposition provided by the defendants, only two of the plaintiff's children have health issues, and only one has misbehaved at school. Yet, the defendants seek each child's complete health and school records. Ultimately, these children's medical conditions and school performance are not at issue in this case. And, this court is not inclined to sanction such a fishing expedition. Accordingly, the plaintiff's motion to quash is hereby **GRANTED**. The defendants are not entitled to discovery of the plaintiff's minor children's medical and school records. If the defendants have already received any information pursuant to the subject subpoenas, they are hereby forbidden to disclose and must immediately destroy the same. The defendants shall also promptly provide a copy of this order to each recipient of the subject subpoenas.

**SO ORDERED THIS,** the 25th day of May, 2011.

/s/ David A. Sanders
**U. S. MAGISTRATE JUDGE**